UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLYNN M. CRAWFORD,<br><br>           Plaintiff,<br>   v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>           Defendant. | Case No. CV 08-7716-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

**I.**

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff can perform her past relevant work; and
2. Whether the ALJ properly evaluated the opinion of the treating physician.

(JS at 3.)

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///
///

## III.

# DISCUSSION

## A. The ALJ Properly Determined Plaintiff Can Perform Her Past Relevant Work.

Plaintiff argues that the ALJ erroneously determined Plaintiff was capable of performing her past relevant work because the ALJ failed to determine whether she could perform the work as it was actually or generally performed. (JS at 3-7.)[3] The Court disagrees.

### 1. Background.

In his disability application, Plaintiff requested disability benefits due to her high blood pressure, rapid heartbeats, chest pain, headaches, and cyst in her left hand. (AR at 42, 92.) Plaintiff also reported she worked as a domestic engineer/cook, flat sorter, cafeteria helper, food server, and head chef. (Id. at 92, 116-18.) As a domestic engineer/cook, her primary duties included "weekly menu schedule, food preparation, cooking, and general house keeping." (Id. at 93-94, 116, 118.) Her duties as a flat sorter included operating the flat sorter machine and making sure the machine's computer was updated by inputting information. (Id. at 22, 116, 118, ) As a cafeteria helper, she prepared hot meals and assisted with other, unspecified duties. (Id. at 116, 118) She prepared food trays and assisted in

---

[3] Plaintiff also argues that the ALJ erroneously stated Plaintiff's residual functional capacity ("RFC") in the form of a general exertion category rather than as a function-by-function assessment. (JS at 3-7.) Plaintiff relies upon Social Security Ruling ("SSR") 96-8p which requires the RFC to identify a plaintiff's functional limitations or restrictions and assess his work-related abilities on a function-by-function basis. This includes functions related to a plaintiff's physical, mental, and other abilities impacted by the alleged impairments. SSR 96-8p; see also 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)-(d). Here, in determining Plaintiff's RFC, the ALJ properly relied, in part, on the findings of Dr. Kristof Siciarz, who performed a function-by-function analysis to determine Plaintiff's functional abilities. (Administrative Record ("AR") at 17, 172-75); see infra Discussion, Part III.B. Thus, Plaintiff's argument is without merit.

setting up food areas as a food server. (Id.) As a head chef, her duties included preparing and reviewing contracts, purchasing and ordering supplies, preparing buffet tables and floral arrangements, supervising employees, and preparing payroll. (Id. at 117-18.)

At the hearing, Plaintiff testified that while she had a tumor removed from her left hand, her hand was steadily "getting better." (Id. at 29.) Plaintiff also testified that she is right-handed. (Id.) Additionally, Plaintiff stated that she still cooks, is able to use cooking utensils and tools, and can pick up items weighing ten pounds. (Id. at 30-32.) Plaintiff testified that she was prevented from performing her past work as cook due to her inability to pick up heavy pots or other items weighing more than ten pounds, and pain from headaches after her brain surgery. (Id. at 32-22.)

After the hearing and reviewing the record, the ALJ determined that Plaintiff has the RFC to perform a full-range of light work. (Id. at 15.) The regulations define light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567, 416.967.

The ALJ then determined Plaintiff could perform her past relevant work as a food server, cafeteria helper, and flat sorter. (AR at 6.)

**2.     Applicable Law.**

At step four of the sequential evaluation process, a claimant must establish that his severe impairment or impairments prevent him from doing past relevant

work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). The regulations explain the step-four evaluation:

> If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant has the burden of showing that he can no longer perform his past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); see also Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir. 1990). Although the burden of proof lies with the claimant, the ALJ still has a duty to make requisite factual findings to support his conclusion as to whether plaintiff can perform his past relevant work. See Pinto, 249 F.3d at 844 (despite the fact that the claimant has the burden at step four, "the ALJ is [not] in any way relieved of his burden to make the appropriate findings to insure that the claimant really can perform his or her past relevant work"); see also Henrie v. U.S. Dept. Of Health & Human Serv., 13 F.3d 359, 361 (10th Cir. 1993) (recognizing the tension created between the mandate of SSR 82-62 and the claimant's burden of proof, and finding that the ALJ's duty is one of inquiry and factual development while the claimant continues to bear the ultimate burden of proving disability).

In order to determine whether a claimant has the RFC to perform his past relevant work, the ALJ must evaluate the work demands of the past relevant work and compare them to the claimant's present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). Social Security Ruling ("SSR")[4] 82-62 states that a

---

[4] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are

(continued...)

5

determination that a claimant has the capacity to perform a past relevant job must contain among the findings the following specific findings of fact: (1) a finding of fact as to the claimant's RFC; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the claimant's RFC permits him to return to the past job or occupation. See SSR 82-62; see also Pinto, 249 F.3d at 844-45.

A finding that a claimant is able to return to his past relevant work must be based on adequate documentation and a careful appraisal. Dealmeida v. Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988) ("Without the proper foundation as to what plaintiff's past relevant work entailed, the ALJ's subsequent determination that plaintiff retained the residual functional capacity to perform that job is not supported by substantial evidence."). This determination requires a careful appraisal of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the Dictionary of Occupational Titles ("DOT"). SSR 82-62. Adequate documentation must be obtained to support the decision, including "factual information about those work demands which have a bearing on the medically established limitations." Id. Thus, "[d]etailed information about . . . mental demands and other job requirements must be obtained as appropriate." Id.; see also Sivilay v. Apfel, 143 F.3d 1298, 1299 (9th Cir. 1998) (remanding to ALJ to "investigate fully the demands of the applicant's past work and compare them to the applicant's residual mental and physical capabilities"). Any determination regarding a claimant's ability to perform past work "must be developed and explained fully in the disability decision" and "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62.

---

(...continued)
nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

### 3. **Analysis.**

In this case, the ALJ satisfied the requirements above in that he made sufficiently specific findings of fact regarding Plaintiff's RFC (AR at 3), the physical and mental demands of her past relevant work (id. at 6), and that Plaintiff's RFC permits her to return to her past work as a food server, cafeteria helper, and flat sorter (id.). See SSR 82-62; see also Pinto, 249 F.3d at 844-45.

In support of his conclusion regarding past relevant work, the ALJ stated:

> The claimant has past work as a food server, cafeteria helper, and flat sorter, each of which is light exertion, unskilled occupation. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

(AR at 6.) The ALJ also considered and relied upon Plaintiff's descriptions of her past work in her disability applications and testimony, as stated above, to determine that Plaintiff's past relevant work was light and unskilled. See supra, Discussion, Part III.A.1. Thus, the ALJ fulfilled his duty to make requisite factual findings in support of his conclusion that Plaintiff can perform her past relevant work. See Pinto, 249 F.3d at 844; see also Henrie, 13 F.3d 359.

To the extent that the ALJ erred in determining that Plaintiff can perform her past relevant work, any error committed by the ALJ was harmless. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability). The ALJ's finding is supported by corroborative evidence in the DOT. As Defendant points out, the occupation of flat sorter is similar, if not identical, to the position of Mail Clerk[5] or

---

[5] The duties of a Mail Clerk include, inter alia, as follows:
Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine. Stamps date and time of receipt

(continued...)

Routing Clerk.[6] (JS at 14); see also DOT §§ 209.687-026, 222.687-022. Both positions require the ability to perform light and unskilled work. DOT at §§ 209.687-026, 222.687-022. The Court concurs with Plaintiff that the job description most closely similar to cafeteria attendant, as performed by Plaintiff, is Cook, School Cafeteria,[7] which requires a greater RFC than Plaintiff is able to perform. Id. at § 313.381-030. Similarly, the occupation of food server, as performed by Plaintiff, is similar to several DOT occupations, some requiring a greater RFC than Plaintiff is able to perform. Id. at §§ 311.677-010, 311.677-018. Nevertheless, the ALJ identified past relevant work of flat sorter, which Plaintiff can still perform, given the RFC finding. Thus, any error that the ALJ may have

---

[5](...continued)
on incoming mail. Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments. Readdresses undeliverable mail bearing incomplete or incorrect address. Examines outgoing mail for appearance and seals envelopes by hand or machine. Stamps outgoing mail by hand or with postage meter.
DOT at § 209.687-026.

[6] The duties of a Routing Clerk include, inter alia, as follows:
Sorts bundles, boxes, or lots of articles for delivery: Reads delivery or route numbers marked on articles or delivery slips, or determines locations of addresses indicated on delivery slips, using charts. Places or stacks articles in bins designated according to route, driver, or type.
DOT at § 222.687-022.

[7] The duties of a Cook, School Cafeteria, include as follows:
Prepares soups, meats, vegetables, salads, dressings, and desserts for consumption in school cafeteria, utilizing cafeteria equipment and cooking experience. Specializes in providing lightly seasoned, nutritionally adequate, and varied diet. Inspects equipment for cleanliness and functional operation. Work is usually performed with other workers. May plan menus, order food supplies, and receive supplies delivered.
DOT at § 313.381-030.

committed in determining that Plaintiff can perform her past relevant work was harmless. Curry, 925 F.2d at 1131.[8]

Based on the foregoing, the Court finds that the ALJ properly determined Plaintiff could perform her past relevant work of at least flat sorter, in support of the ALJ's non-disability finding. Curry, 925 F.2d at 1131.

**B.     The ALJ Properly Considered the Opinion of Plaintiff's Treating Physician.**

Plaintiff contends that the ALJ erroneously discounted the opinion of the treating physician, Dr. Clarence Woods. (JS at 20-23.) The Court disagrees.

**1.     Applicable Law.**

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth

---

[8] Defendant contends that any error by the ALJ in determining Plaintiff's ability to perform her past relevant work was also harmless due to a finding of non-disability in the Medical-Vocational Guidelines ("Guidelines"). (JS at 15.) The Court, however, notes that a non-disability finding is not clear in this instance. Thus, the Court declines to address this issue in the above harmless error analysis.

9

specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

However, the Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

**2.     Analysis.**

Here, the ALJ provided specific and legitimate reasons supported by substantial evidence to discount Dr. Woods' opinion as to Plaintiff's functional capacity. (AR at 17.)

On September 11, 2007, Dr. Woods, an orthopedic surgeon, completed a physical RFC questionnaire. (Id. at 216-19.) Dr. Woods treated Plaintiff by removing a mass from her left thumb. (Id at 17, 34-35.) Dr. Woods opined that Plaintiff's pain or other symptoms were severe enough to frequently interfere with the attention and concentration to sustain simple, repetitive tasks, and that Plaintiff

was incapable of even a low stress job. (Id. at 217.) As to her physical limitations, Dr. Woods provided: (i) in an eight-hour workday, Plaintiff could sit, stand, or walk less than two hours; (ii) Plaintiff cannot stand more than two hours at any one time; (iii) Plaintiff can never lift or carry less than ten pounds; (iv) Plaintiff can rarely twist; (v) Plaintiff has limitations in doing repetitive reaching, handling, or fingering; and (vi) Plaintiff suffers from other unspecified limitations due to residuals from brain surgery. (Id. at 218-19.) Based on Dr. Woods' physical capacity assessment, Plaintiff would be totally disabled.

The ALJ found that Dr. Woods' reports were inadequately supported by the clinical findings and associated treatment. (Id. at 17.) The ALJ provided:

> Dr. Woods removed the tumor from the claimant's left thumb. Nonetheless, he states that the claimant can lift less than ten pounds, can stand and walk for a total of less than two hours per workday, can rarely twist, can sit for no longer than two hours, is incapable of even low stress work, has frequent lapses of concentration and attention, and has unspecified difficulties reaching, handling, and fingering. He specifies the claimant's symptom solely as "pain and weakness left hand." Although he states that she "was also treated for brain surgery . . . residuals." Dr. Woods's assessment is not acceptable because it is not clearly related to the claimant's treating records. For example, Dr. Woods severely limits the claimant's standing and walking capacity, but sites [sic] absolutely no evidence of a problem that might necessitate such a limitation.

(Id.) The ALJ's finding is supported by the record. (AR at 216-19.) Dr. Woods' findings are not related to his treatment of Plaintiff for thumb surgery, nor does he provide any explanation for Plaintiff's extreme limitations. Moreover, Dr. Woods' opinion is contradicted by Plaintiff's treatment records. Plaintiff's blood pressure

was controlled (id. at 253), and her thumb and skull surgeries were elective (id. at 180, 420). A neurological examination suggested that Plaintiff's memory was intact, she had normal intelligence, and she had no limitation of range of motion. (Id. at 450.) Further, the record contains no treatment for severe headaches, problems with Plaintiff's range of motion, disabling pain in her left thumb, or problems walking, sitting, and standing. Thus, the record does not substantiate Dr. Woods' finding of disabling conditions.

Further, in discounting the opinion of Dr. Woods, the ALJ relied upon the medical opinion of the consultative physician, Dr. Kristof Siciarz. (AR at 17, 172-75.) On July 14, 2006, Dr. Siciarz completed an internal medicine consultation on Plaintiff. (Id. at 172-75.) With the exception of a non-disabling mass in the left thumb, Dr. Siciarz indicated that Plaintiff's range of motion in her spinal, upper extremities, and lower extremities was normal. (Id. at 173-75.) Based on his evaluation, Dr. Siciarz diagnosed Plaintiff with hypertension, and assessed Plaintiff's functional limitations as limited to a full range of medium work. (Id. at 175.) Thus, Dr. Siciarz's evaluation, based on independent clinical findings, suggests a higher functioning of physical capacity than Dr. Woods found. Accordingly, the opinion of the consultative physician constitutes substantial evidence since it was based on independent clinical findings, and any conflict between the findings and Dr. Woods' opinion was for the ALJ to resolve. See Andrews, 53 F.3d at 1041 (opinion of nontreating source based on independent clinical findings may itself be substantial evidence).

Finally, the ALJ rejected Plaintiff's credibility, thereby discounting Dr. Woods' opinion based upon Plaintiff's complaints.[9] (AR at 17); see also Morgan,

---

[9] Notably, Plaintiff does not dispute the ALJ's credibility finding. The Court, therefore, declines to discuss whether the ALJ's credibility finding was
(continued...)

169 F.3d at 602; Sandgathe, 108 F.3d at 980 (9th Cir. 1997); Andrews, 53 F.3d 1043. The ALJ stated:

> In making my determinations, I have also considered the claimant's subjective complaints. However, I do not find the claimant's statements sufficiently credible to justify any further limitations than those established by the objective medical record. She testified she can lift more than ten pounds. She can perform daily activities. Her capacity is not consistent with a finding of total disability.
>
> Furthermore, the claimant's subjective complaints are not consistent with the treatment she receives. She alleged that she is in constant pain, but treats her pain with only nonprescription Tylenol. She states that she tried Diazepam, but quit secondary to side effects and has not attempted a different prescription pain medication. She also takes thyroid and hypertension medications. It is reasonable to assume that if the claimant were as disabled as she claimed, she would have told her doctor, and the doctor would have ordered more aggressive treatment.

(AR at 17 (citations omitted).) The ALJ's credibility finding, based upon Plaintiff's daily activities, treatment record, and testimony, is supported by the record. (Id. at 29-32, 88, 108-15, 120.) Thus, the ALJ properly rejected Plaintiff's credibility by a specific finding stating clear and convincing reasons to reject her credibility. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell, 947 F.2d at 345-47; Thomas, 278 F.3d at 958-59.

Based on the foregoing, the ALJ provided specific and legitimate reasons,

---

[9](...continued)
proper.

supported by substantial evidence in the record, to discount Dr. Woods' opinion. <u>Thomas</u>, 278 F.3d at 957; <u>Andrews</u>, 53 F.3d at 1041; <u>Magallanes</u>, 881 F.2d at 751; <u>Miller</u>, 770 F.2d at 849.  Thus, there was no error.

## IV.

## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated:  November 5, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge